IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE  DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

     V.                       CRIMINAL NO. 5:01-CR-50019
                                   CIVIL NO. 07-5103

ROBERT BARBER                                                              DEFENDANT

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

     Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28

U.S.C. Section 2255 (Doc. 22) filed June 5, 2006.  The United States of America filed its

Response (Doc. 26) on July 9, 2007 and the Defendant/Petitioner filed his Reply (Doc. 27) on

July 25, 2007.

## I.  Background

        On August 8, 2001, the Petitioner, Robert Barber, was named in a one-Count

Indictment filed by a grand jury in the Western District of Arkansas. The Indictment charged

Barber with possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §

841(a). (Docket Entry #1) On October 9, 2001, Barber pled guilty to the charge. (Doc.18) A Pre-

Sentencing Report was subsequently issued which recommended an enhanced sentence under the

career offender provision of the Sentencing Guidelines (U.S.S.G. § 4B1.1) On February 22,

2002, Barber was sentenced by the district court as a career offender to 151 months

imprisonment, 3 years supervised release, $3500 fine, and $100 special assessment. (Doc. 22)

Barber did not directly appeal his conviction or sentence. On June 5, 2007, Barber filed the

instant petition, which this court docketed as a Motion to Vacate, Set Aside, or Correct Sentence,

pursuant to 28 U.S.C. 2255. (Doc. 22) This is the first habeas petition filed by Barber in connection with his case. In his Petition, Barber claims that he is entitled to sentencing relief on the basis of *Lopez v. Gonzales*, 549 U.S.___, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006).

The Petitioner was charged in a six count information in San Diego County Superior Court on August 5, 1994. (Doc.23, Exhibit 1) It appears that the Petitioner entered a plea of guilty to Count 3, "Poss. contr. sub.", and all other counts were dismissed.  He received three years probation and a fine.

The Petitioner was charged in a four-count information in San Bernardino, California (Doc. 23, Exhibit 2, page 1-4) on November 28, 1994 for actions occurring on July 24, 1993. It appears that the Petitioner entered a plea of guilty to Count 3 and received a suspended sentence. Counts 1, 2 and 4 were dismissed. (Doc.23, Exhibit 2, page 8) Count 3 stated that "[O]n or about July 24, 1993, in the above named Judicial District, the crime of Sale OR Transportation of MARIJUANA, in violation of HEALTH AND SAFETY CODE SECTION 11360(a), a Felony, was committed by Robert Carl Barber."

The Petitioner's criminal history category was enhanced to Category VI because he was considered a career criminal. (Doc. 23, Exhibit 1, page 2)

## II. Discussion

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a section 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final," or, as argued here, one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  See 28 U.S.C. §

2

2255; *Campa-Fabela v. United States*, 339 F.3d 993 (8th Cir. 2003). Here, Barber has not raised any valid impediment to making a 2255 Motion which was created by government action, and he has not raised any claims which could not have been discovered through the exercise of due diligence prior to the date his conviction and sentence became final.

Barber does assert, however, that he is relying upon the Supreme Court's recent holding in *Lopez v. Gonzales*, 549 U.S. ___, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006). Specifically, Barber claims that Lopez "clearly undermines the validity of plaintiff's Judgment and Commitment Order" and claims that he "does not assert or re-assert any claims of error in his conviction, only the 'void' judgment and Commitment Order based on the Lopez decision" and he states that "until Lopez, it would have been futile for the Plaintiff to appeal the Judgment and Commitment Order." (Doc. 23, at pp. 3-5) Accordingly, Barber's Complaint can be construed as raising the argument that his § 2255 Motion is not untimely on the basis of § 2255's paragraph 3, which states that the one-year limitations period may run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

The Lopez case dealt with the Immigration and Nationality Act which "lists as an "aggravated felony" "illicit trafficking in a controlled substance ... including a drug trafficking crime (as defined in section 924© of title 18)," 8 U.S.C. § 1101(a)(43)(B), but does not define "illicit trafficking." Title 18 U.S.C. § 924(c)(2) defines "drug trafficking crime" to include "any felony punishable under the Controlled Substances Act" (CSA). Petitioner Lopez, a legal permanent resident alien, pleaded guilty to South Dakota charges of aiding and abetting another person's possession of cocaine, which state law treated as the equivalent of possessing the drug, a

state felony. The Immigration and Naturalization Service (INS) began removal proceedings on the ground, inter alia, that Lopez's state conviction was for an aggravated felony. The Immigration Judge ultimately ruled that despite the CSA's treatment of Lopez's crime as a misdemeanor, see 21 U.S.C. § 844(a), it was an aggravated felony under the INA owing to its being a felony under state law. The judge ordered Lopez removed in light of 8 U.S.C. § 1229b(a)(3), which provides that the Attorney General's discretion to cancel the removal of a person otherwise deportable does not reach a convict of an aggravated felony. The Board of Immigration Appeals (BIA) affirmed, and the Eighth Circuit affirmed the BIA." *Lopez*, Id

The court held that "[C]onduct made a felony under state law but a misdemeanor under the CSA is not a "felony punishable under the Controlled Substances Act" for INA purposes. Lopez v. Gonzales  127 S.Ct. 625, *626 (U.S.,2006)

A new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a " 'watershed rul[e] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Saffle v. Parks*, 494 U.S. at 495, 110 S.Ct. 1257 (quoting *1181 Teague, supra, at 311, 109 S.Ct. 1060 (plurality opinion)). *Whorton v. Bockting*  127 S.Ct. 1173, *1180 -1181 (U.S.,2007)

A rule  is substantive, rather than procedural, if it "alters the range of conduct or the class of persons that the law punishes." *Schiro v. Summerlin*, 542 U.S. 348, 353, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004).  Lopez is procedural under this standard, and thus it cannot be applied retroactively unless it is a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. Whorton, 127 S.Ct. at 1181. In order to qualify as "watershed," the Whorton Court stated that a new rule must meet two requirements.

4

First, the rule must be necessary to prevent "an impermissibly large risk" of an inaccurate conviction. Whorton, 127 S.Ct. at 1182 (*citing* Summerlin, 542 U.S. at 356; *see also* Tyler, 533 U.S. at 665 (quotations omitted)). Second, the rule must "alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding." Id. (internal quotation marks and emphasis omitted).

There is no evidence that Lopez was meant to apply retroactively to cases on collateral review. It cannot be argued that the new rule of Lopez has any effect on the accuracy of a conviction, as it addresses only how prior convictions are to be considered at sentencing, not the guilt or innocence of the defendant. The Supreme Court specifically has not applied the watershed rule in cases governing hearsay testimony, (See *Whorton v. Bockting*, Id),  jury instructions (See *Beard v. Banks*, 542 U.S. 406 (2004), interpreting *Mills v. Maryland*, 486 U.S. 367 (1988) or the ability of sentencing judge to find aggravating circumstances in death penalty cases. (See *Schriro v. Summerlin*, 542 U.S. 348 (2004) interpreting *Ring v. Arizona*, 536 U.S. 584 (2002)  Indeed, the only case that has been identified as qualifying under the watershed exception is *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). *Storeby v. United States*, 2007 WL 1577804 (M.D. Fla. 2007)

The Petitioner's claim is therefore untimely and should be Dismissed with Prejudice.

The Government also contends that the Petitioner's action is without merit even if Lopez was applied retroactively because "Lopez is an immigration case regarding the definition of "aggravated felony" which is relevant, by its own language, only for "INA purposes." (Doc. 26, page 7)

In Lopez, the Supreme Court held that a state offense does not constitute a "felony

5

punishable under the Controlled Substances Act" ("CSA") unless it prohibits conduct punishable as a felony under the strictures of the CSA. Significantly, the Lopez case focused on the interpretation of provisions of the Federal Immigration and Nationality Act ("INA") and the CSA governing what conduct qualifies as an "aggravated felony" for purposes of the INA. Under the INA, aggravated felonies render an alien ineligible for cancellation of removal by the Attorney General, and, under federal sentencing law, special significance is attached to aggravated felonies. The INA lists as an aggravated felony "illicit trafficking in a controlled substance . . . including a drug trafficking crime (as defined in section 924© of title 18)," but the INA does not define illicit trafficking. According to 18 U.S.C. 924(c)(2), "drug trafficking crime(s)" include "any felony punishable under the Controlled Substances Act." The issue in the Lopez case arose because the petitioner was a legal permanent resident alien who was convicted under South Dakota law of aiding and abetting another's possession of cocaine. South Dakota treated this offense as a felony equivalent to possessing the drug. The INS then instituted removal proceedings against Lopez on the ground, among others, that his state conviction was for an aggravated felony. The immigration judge ultimately ruled that even though the CSA treats Lopez's conduct as a misdemeanor, the treatment of the offense as a felony under South Dakota state law qualified it for aggravated felony status. This rendered Lopez ineligible for cancellation of removal, and the judge therefore ordered Lopez removed from the United States. The Board of Immigration Appeals affirmed, and its decision was affirmed by the Eighth Circuit. The Supreme Court reversed the decision of the Eighth Circuit explaining that application of the government's interpretation (which had been ultimately upheld by the BIA followed by the Eighth Circuit) would make federal removal law and sentencing law for illegal entry into the county dependent

6

on the varying criminal classifications of state laws, when Congress had evidently worked to tie the immigration statutes to classifications set up by Congress itself.

This issue was recently examined by the Fifth Circuit in the case of *U.S. v. Estrada-Mendoza*, 475 F.3d 258, C.A.5(Tex), 2007.

At the same time that Lopez appealed his conviction out of the Eighth Circuit, Toledo-Flores appealed his enhancement provision on a case out of the Fifth Circuit. Reymundo Toldeo-Flores had been convicted of illegal entry. On appeal, he argued that his state felony conviction for possession of cocaine did not qualify as an aggravated felony because it was a misdemeanor under the CSA. *United States v. Toledo-Flores*, 149 Fed.Appx. 241, 242 (5th Cir.2005). Both Toledo-Flores and Lopez petitioned the Supreme Court for writs of certiorari, arguing that *Hinojosa-Lopez* and similar cases were wrongly decided. In *Hinojosa-Lopez* the Fifth Circuit held that the § 2L1.2 increase for an aggravated felony is proper for a prior state felony drug conviction even though the same conduct would be a misdemeanor under the CSA. The Supreme Court granted certiorari in both cases and heard oral argument in both on the same day.  The Supreme Court thereafter dismissed the writ of certiorari in *Toledo-Flores* as improvidently granted, --- U.S. ----, 127 S.Ct. 638, 166 L.Ed.2d 481 (2006), and, on the same day, issued an opinion in Lopez, --- U.S. ----, 127 S.Ct. 625, 166 L.Ed.2d 462.

In Estrada-Mendoza the defendant objected to the 8-level increase for the controlled substance offense on the ground that it should not be considered an aggravated felony because, although it was a felony under Texas law, it would be a misdemeanor under the federal Controlled Substances Act (CSA). The district court overruled the objection and sentenced Estrada to serve 33 months in prison.  The Court of Appeals for the Fifth Circuit stated that,

7

"[A]pplying the recent decision of the Supreme Court in Lopez v. Gonzales, --- U.S. ----, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006), we vacate in part and remand for resentencing". *U.S. v. Estrada-Mendoza* 475 F.3d 258, *260 (C.A.5 (Tex.),2007) The court further stated that "[G]iven the Court's reference to the Guidelines, its citation to *Hinojosa- Lopez*, and its interpretation of a phrase directly adopted by the Guidelines, Lopez ineluctably (inevitably) applies with equal force to immigration and criminal cases. The Government agrees. As *Estrada* was sentenced under now-rejected jurisprudence, we vacate his sentence and remand for resentencing".*U.S. v. Estrada-Mendoza*, Id *261

The court does not believe that *Patton v. United States*, 2007 WL1796225 (E.D.Mich. 2007) or *United States v. Davis*, 2007 WL 1731727 is controlling and that Lopez applies to INA cases as well as criminal cases such as the one in question.  The issue, however, is **MOOT**.

The Government also contends that even if Lopez is applied retroactively and applied to criminal cases that it would not be applicable in this particular case.

The government contends that Barber was sentenced as a career offender pursuant to § 4B1.1(a)(3)(rather than § 4B1.1.(a)(2)) and that this Court need not determine whether either of Barber's California state convictions, standing alone, constitute "a felony under the Controlled Substances Act," i.e., an "aggravated felony." Rather, since, under Lopez, the record before this Court conclusively establishes that petitioner's second conviction constitutes a "recidivist possession" which would be punishable as a felony under the Controlled Substances Act, *see*, Lopez, 127 S.Ct. at 630 n.6, that conviction must necessarily be viewed as an "aggravated felony conviction."

Specifically, the record demonstrates that on August 18, 1994, Barber pled guilty to

possession of a controlled substance in San Diego County, California, Superior Court in Case # SCN007591. After that conviction became final, Barber was, on January 10, 1995, arrested, and on April 18, 1995, convicted (via guilty plea) of "SALE OR TRANS-PORTATION OF MARIJUANA" in San Bernardino County, California, Superior Court in case #FVI02475. (See Paragraphs 32 and 33 of Petitioner's "Exhibit A" filed in support of Complaint) Since the second (1995) offense was committed after the prior (1994) conviction became final, such subsequent conviction constitutes a "felony punishable under the Controlled Substances Act", which, by definition, establishes petitioner's conviction for a "drug trafficking crime," which is an "aggravated felony." *See*, 21U.S.C. § 844(a), 18 U.S.C. § 924©, and Lopez, 127 S.Ct. At 630, n.6 (the Supreme Court acknowledging that "recidivist possession" falls under the definition of "illicit trafficking." and is therefore an "aggravated felony" by definition)

The Petitioner contends that the San Bernardino charge does not meet the definition of a felony because he was sentenced to "less than one year and it was for sale or transportation". (Doc. 27, para 29)  The Petitioner sentence in San Bernardino was revoked January 30, 1997 and he received two years in state prison. The Petitioner confuses the sentence imposed with the sentence that could have been imposed. If the facts surrounding the state court conviction could have resulted in a felony prosecution in federal court it may be considered for enhancement purposes. *See United States v. Sanchez-Villalobos*, 412 F. 3d 572 (5th Cir. 2005); *Lopez*, 127 S.Ct. at 633.

The fact surrounding the Petitioner's conviction in San Bernardino would have constituted recidivist activity under 21 U.S.C. Section 844 and he would have been subject to a term of incarceration greater than one year and the activity was properly considered as a felony.

9

### III. Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. Section 2255, be dismissed with prejudice.

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 7th  day of September 2007

/s/ J. Marschewski
_____
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE